| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| CATHERINE T. VINH (SBN 269020)<br>JOSEPH C. DELMOTTE (SBN 259460)<br>PITE DUNCAN, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933<br><br>Telephone: (858)750-7600 Facsimile: (619) 590-1385<br><br>☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without an attorney* | **FILED & ENTERED**<br><br>**MAY 23 2012**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY reid    DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>JOSEPHINE G. PARAGATOS,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:12-bk-14067-ES<br>CHAPTER: 13 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE:   No Hearing Scheduled<br>TIME:<br>CTRM:<br>PLACE: |

Movant:   U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST I

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

    Street address:           *1 Ashbury Court*
    Unit number:
    City, state, zip code:    *Aliso Viejo, CA, 92656*

    Legal description or document recording number (including county of recording):
    2007000049167, Orange County of California

---

3. The Motion is granted under: ☐ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3)
☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☐ Terminated as to Debtor and Debtor's bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit ____ to this Order.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. Movant must not conduct a foreclosure sale before the following date (*specify*): _____

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state law governing notices of interests or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording.

10. This court further orders as follows:
    a. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.
    b. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-10-ER*).
    c. ☒ See attached continuation page for additional provisions.

                                              ###

DATED: May 23, 2012                      *Erithe A. Smith*
                                         _____
                                         United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2011*                          Page 2                          **F 4001-1.ORDER.RP**

# ADEQUATE PROTECTION ATTACHMENT

*(This attachment is the continuation page for paragraph 7 of the Order on the Motion.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the amount of **$1,073.33** commencing **June 1, 2012**. The amount of these payments may be subject to change under the terms of the parties' original agreements. Please note that payments received after on or after the 15th of each month are considered late and may incur a late charge. All payments due Movant hereunder must be paid to Movant at the following address:

    BSI Financial Services
    Attn: Payment Processing Department
    314 S Franklin Street
    Titusville, PA 16354

3. ☐ The Debtor must cure the postpetition default computed through _____ in the sum of $_____ as follows:

    a. ☐ In equal monthly installments of $_____ each commencing _____ and continuing thereafter through and including _____.

    b. ☐ By paying the sum of $_____ on or before _____,

    c. ☐ By paying the sum of $_____ on or before _____,

    d. ☐ By paying the sum of $_____ on or before _____,

    e. ☐ Other (*specify*):

4. ☒ The Debtor must maintain insurance coverage on the property and must remain current on all taxes that fall due postpetition with regard to the property.

5. ☐ The Debtor must file a Disclosure Statement and Plan on or before *(specify date):* _____
    The Disclosure Statement must be approved on or before *(specify date):* _____
    The Plan must be confirmed on or before *(specify date):* _____

6. ☒ Upon any default in the foregoing terms and conditions, Movant must serve written notice of default to Debtor and Debtor's attorney, if any. If Debtor fails to cure the default within 14 days after service of such written notice, plus 3 additional days if served by mail:

    a. ☐ The stay automatically terminates without further notice, hearing or order.
    b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
    c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
    d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☒ Notwithstanding anything contained herein to the contrary, the Debtor shall be entitled to a maximum of (2) two notices of default and opportunities to cure pursuant to the preceding paragraph. Once a Debtor has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2011*      Page 3      **F 4001-1.ORDER.RP**

     of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions cease to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on Debtor's defaults hereunder, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*):

    a. ☒ The reasonable attorneys fees and costs in the amount of $450 incurred by Movant shall be paid through the Debtor's Chapter 13 Plan pursuant to a proof of claim to be filed by Movant. In the event a Motion for Relief from the Automatic Stay is filed, the reasonable attorneys fees and costs in the amount of $826 shall be paid through the Debtor's Chapter 13 Plan pursuant to a proof of claim to be filed by Movant.

    b. ☒ In the event that the Debtor defaults under this Order and Movant forwards a 14-day letter to Debtor, Debtor shall be required to tender $100.00 for each default letter submitted in order to cure the default.

    c. ☒ Debtor shall comply with the terms and conditions of her Chapter 13 Plan with respect to the payments to the Chapter 13 Trustee.

    d. ☒ Any notice that Movant shall give to Debtor, or Debtor's attorney, pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

    e. ☐ If Debtor fails to cure a default hereunder and Movant files and serves a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, said order shall terminate the automatic stay of 11 U.S.C. §1301, as twenty days expired from the date Movant requested relief from the co-debtor stay of 11 U.S.C. § 1301 with no written objection having been filed.

    f. ☒ In the event this case is converted to a Chapter 7 proceeding, the Automatic shall be terminated without further notice, order, or proceedings of the court.

    g. ☒ In the event that Movant is granted relief from the automatic stay, the parties stipulate that the notice requirements of subsections (b) and (c) of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure are waived as they relate to Movant's secured claim on the Property.

    h. ☒ Movant's disclosure of its reasonable attorneys' fees and costs in paragraph 11a. herein satisfies the notice requirements of subsection (c) of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

    i. ☒ The parties agree that the requirement to tender additional payments pursuant to paragraph 3a. herein does not constitute a payment change within the meaning of subsection (b) of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

**Approved as to Form and Content**:

*See Document Number 26*                                                           *See Document Number 26*
David V Luu                                                                            Catherine T. Vinh
Attorney for Debtor                                                       Attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2011*                                                Page 4                                         **F 4001-1.ORDER.RP**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

A true and correct copy of the foregoing document described as **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On May 21, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL** (state method for each person or entity served):
On May 21, 2012, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Erithe A. Smith,
U.S. Bankruptcy Court,
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

Josephine G. Paragatos
1 Ashbury Court,
Aliso Viejo, CA 92656-4257

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 21, 2012, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

David V Luu            david@luu-law.com
Amrane (RS) Cohen (TR)    efileRS@ch13ac.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 21, 2012 | Chris Guerrero | /s/ CHRIS GUERRERO |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Real Property)** was entered on the date stated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Order(s) and LBRs, the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of May 21, 2012, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) stated below:

| | |
|---|---|
| David V Luu | david@luu-law.com |
| Amrane (RS) Cohen (TR) | efileRS@ch13ac.com |
| Catherine T. Vinh | ecfcacb@piteduncan.com |
| U.S. Trustee | ustpregion16.sa.ecf@usdoj.gov |

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL**: A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) stated below:

Josephine G. Paragatos
1 Ashbury Court
Aliso Viejo, CA 92656-4257

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) stated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2011*    Page 2    **F 4001-1.ORDER.RP**